### COHEN v. JUDD.

(Supreme Court, Appellate Term. May 27, 1912.)

SALES (§ 405*)—RIGHT OF ACTION FOR BREACH—DELIVERY.

Plaintiff purchased horseradish in storage, and was given the storage receipt, and told that he might take possession at any time. He allowed the horseradish to remain for more than three months, and when he attempted to take possession the storage company claimed a lien on it for storage charges on other goods stored there by the original owner, who had transferred the horseradish to the seller. For more than three months the original owner had other goods with the storage company more than sufficient to satisfy the charges. *Held*, that as the receipt and delivery of the order constituted a valid acceptance and delivery of the goods sold, and as the plaintiff might have taken the goods within a reasonable time, he had no cause of action against the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1147–1155; Dec. Dig. § 405.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Cohen against George W. Judd. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Walter B. Caughlan, of New York City (J. Edward Murphy, of New York City, of counsel), for appellant.

Herman Hoffman, of New York City, for respondent.

LEHMAN, J. The plaintiff, on February 8, 1912, went to defendant's store, and bought there, through a Mr. J. Donovan, 11 barrels of horseradish. Donovan told him that the horseradish was in cold storage and gave him an order upon the storage company for the delivery of the 11 barrels. The horseradish belonged to Donovan, and the order was signed by Donovan in his own name. The defendant was present during the sale, and the defendant stated: "Any time you

are ready to take it you can get it." The defendant thereafter sent a bill to the plaintiff for $94.88, the purchase price of the horseradish, and the plaintiff paid the bill in April. The plaintiff sent no notice to the storage company of his order for the delivery of the horseradish, and made no demand upon it until the end of August or September, and then the storage company refused to deliver the horseradish, on the ground that it had a lien for storage charges on goods stored there by Donovan, amounting to $90. It was shown that until May 1st Donovan had other goods in storage sufficient to cover the lien, and up to that date the storage company would have delivered the 11 barrels to the plaintiff upon presentation of the order. Upon these facts the plaintiff was given judgment for the sum paid by him to defendant, and also for the damages suffered by reason of an advance in price.

The defendant claims that Donovan was the principal on this sale, but the evidence is sufficient to hold the defendant as the agent of an undisclosed principal. I cannot find, however, that the plaintiff has made out any cause of action against it. There is little doubt in my mind but that the delivery of the order, followed by the receipt of a check from plaintiff, constituted a valid delivery and acceptance of the goods sold. Russell v. Carrington, 42 N. Y. 118, 1 Am. Rep. 498. At that time the plaintiff was not only in possession of an order for the delivery of the goods, but he had been specifically informed that "at any time you are ready you can get it." It is true that there is some testimony that it was customary to leave horseradish in storage till July or August, but no testimony that it was customary to leave it there at the seller's risk, or subject to the seller's disposition. For almost three months thereafter the plaintiff could have obtained these goods by presenting his order. When he presented the order more than six months thereafter the goods were refused, not by reason of any default or wrongdoing on the part of the defendant, but by reason of the claim of the storage company against the former actual owner. If the plaintiff has any redress, it must be against the party actually at fault. The defendant sold him goods, which he could have obtained within a reasonable time, and the plaintiff has apparently no cause of action against him. Gass v. Astoria Veneer Mills, 121 App. Div. 182, 105 N. Y. Supp. 794.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.